
IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
HELENA DIVISION

| | |
|---|---|
| STACY HALL, | CV 14-00011-H-DLC-RKS |
| Plaintiff, | |
| vs. | ORDER |
| MONTANA STATE PRISON, LEROY KIRKEGARD, MYRON BEESON, ROSS SWANSON, TOM WOODS, CANDYCE NEUBAUER, BILLIE REICH, ROXANNE WIGERT, DAN HESS, MICHELE STEYH, ALVIN FODE, SHEILA HASTINGS, JOHN DOE, JANES/JANE DOE, TRISDAN KOHUT, | |
| Defendants. | |

Plaintiff Stacy Hall has filed a Motion for a Temporary Restraining Order and Preliminary Injunction seeking an order prohibiting Defendants from interfering with his ability to access the courts and litigate his claims. (Doc. 7.) Mr. Hall filed this matter on March 3, 2014. He alleges that on March 5, 2014 he was moved to general population from a locked housing unit (maximum security isolation) where he had been held since May 2012. (Declaration–Doc. 7-2 at 3.) He was approved for a custody reduction on March 11, 2014 but on March 21, 2014 he was told by Unit Manager Paul Lucier that due to his lawsuit he had to "resign" his classification. On March 21, 2014, Mr. Hall's cell was searched. On

1

March 25, 2014, he was informed that Defendants had changed their minds and increased his custody placement. On March 28, 2014, his cell was again searched and his legal documents were searched, reviewed by correctional staff, and some documents confiscated. On March 29, 2014, Mr. Hall was separated from other inmates in the yard and was told it was because he was suspected of gathering information from other inmates. (Declaration–Doc. 7-2 at 5-7.)

There are several problems with Mr. Hall's motion. First, he has not complied with the notice provisions of Rule 65 of the Federal Rules of Civil Procedure. A temporary restraining order may be granted without written or oral notice to the adverse party or that party's attorney if: (1) it clearly appears from specific facts shown by affidavit or by the verified complaint that immediate and irreparable injury, loss or damage will result to the applicant before the adverse party or the party's attorney can be heard in opposition, and (2) the applicant's attorney (plaintiff himself in this case, as he proceeds pro se) certifies in writing the efforts, if any, which have been made to give notice and the reasons supporting the claim that notice should not be required. Fed.R.Civ.P. 65(b). Mr. Hall has not satisfied either requirement.

In addition, as a general rule courts are unable to issue orders against individuals who are not parties to a suit pending before it. *Zenith Radio Corp. v.*

2

*Hazeltine Research, Inc.*, 395 U.S. 100 (1969); *Zepeda v. United States Immigration Service*, 753 F.2d 719, 727 (9th Cir. 1985) ("A federal court may issue an injunction if it has personal jurisdiction over the parties and subject matter jurisdiction over the claim; it may not attempt to determine the rights of persons not before the court."). Here, the Court has not obtained personal jurisdiction over any defendant since the case is in the prescreening process mandated by 28 U.S.C. §§ 1915, 1915A and therefore has not yet been served.

Accordingly, IT IS HEREBY ORDERED that the Motion for Temporary Restraining Order and Preliminary Injunction (Doc. 7) is denied.

DATED this 21st day of April, 2014

Dana L. Christensen, Chief Judge
United States District Court

3