IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
HELENA DIVISION

|  |  |
|---|---|
| STACY HALL,<br><br>      Plaintiff,<br><br>vs.<br><br>MONTANA STATE PRISON, LEROY KIRKEGARD, MYRON BEESON, ROSS SWANSON, TOM WOODS, CANDYCE NEUBAUER, BILLIE REICH, ROXANNE WIGERT, DAN HESS, MICHELE STEYH, ALVIN FODE, SHEILA HASTINGS, JOHN DOE, JAMES/JANE DOE, TRISDAN KOHUT,<br><br>      Defendants. | CV 14-00011-H-DLC-RKS<br><br>ORDER AND FINDINGS AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE |

## SYNOPSIS

Mr. Hall alleges Defendants violated his constitutional rights when they failed to protect him from assault by other inmates, placed him in restraints in the infirmary, and denied him medical care. Mr. Hall's failure to protect claim will be served upon Defendants Kirkegard, Beeson, Swanson, Woods, Neubauer, Reich, Wigert, Hess, Steyh, Fode, and Hastings. Mr. Hall's wanton infliction of pain and medical care claims fail to state a claim upon which relief may be granted and should be dismissed. Dr. Kohut and Montana State Prison (MSP) should also be

1

dismissed.

## JURISDICTION

Mr. Hall filed this action in federal court, in the Helena Division of the District of Montana. (Complaint, Doc. 2.) The Court has personal jurisdiction over the parties, all of whom are found in Montana. Fed. R. Civ. P. 4(k)(1)(A); Mont. R. Civ. P. 4(b). Read liberally, the Complaint alleges a violation under 42 U.S.C. § 1983, invoking subject matter jurisdiction. 28 U.S.C. § 1331, 28 U.S.C. § 1343(a). The case was assigned to Hon. Dana Christensen, Chief United States District Court Judge, and referred to the undersigned. Local Rule 72.2(a)(1).

## STATUS

Mr. Hall is a prisoner in the custody of the State of Montana. The Court must review his Complaint to determine if the allegations are frivolous, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. If so, the case must be dismissed. 28 U.S.C. §§ 1915(e)(2), 1915A(b). This is the review.

## STANDARDS

**Stating a claim**

A complaint must allege sufficient factual matter to "state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570

(2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Plausibility is less than probability, but requires "more than a sheer possibility that a defendant has acted unlawfully." *Id*. Pleadings that are no more than conclusions are not entitled to the presumption of truth and may be disregarded. *Id.* at 679. A plaintiff must plead the essential elements of a claim to avoid dismissal. *Ivey v. Board of Regents*, 673 F.2d 266, 268 (9th Cir. 1982).

**Leave to amend**

The Court liberally construes pro se pleadings. *Eldridge v. Block*, 832 F.2d 1132, 1137 (9th Cir. 1987). "Unless it is absolutely clear that no amendment can cure the defect . . . a pro se litigant is entitled to notice of the complaint's deficiencies and an opportunity to amend prior to dismissal of the action." *Lucas v. Dep't of Corr.*, 66 F.3d 245, 248 (9th Cir. 1995).

Leave to amend a complaint should be given freely "when justice so requires." Fed. R. Civ. P. 15. A district court, however, should dismiss a complaint without granting leave to amend if amendments would be futile. *Klamath Lake Pharm. Ass'n v. Klamath Med. Serv. Bureau*, 701 F.2d 1276, 1293 (9th Cir. 1983). "Leave to amend need not be given if a complaint, as amended,

3

would be subject to dismissal." *Moore v. Kayport Package Exp., Inc.*, 885 F.2d 531, 538 (9th Cir. 1989).

**Eleventh Amendment**

The Eleventh Amendment bars suit in federal court against a state, state agency, or a state official sued in his or her official capacity for money damages absent a valid abrogation of immunity by Congress or an express waiver of immunity by the State. *See Idaho v. Coeur d'Alene Tribe of Idaho*, 521 U.S. 261, 267–268 (1997); *Edelman v. Jordan*, 415 U.S. 651, 653 (1974); *Puerto Rico Aqueduct & Sewer Auth. v. Metcalf & Eddy, Inc.*, 506 U.S. 139, 144 (1993). The State of Montana has waived immunity only for tort claims brought in state court. Mont. Code Ann. § 2-9-101 et seq.

The Eleventh Amendment does not bar suits for prospective declaratory or injunctive relief against state officials in their official capacity. *See Idaho*, 521 U.S. at 276-77; *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 102-106 (1984); *Doe v. Lawrence Livermore Nat'l Lab.*, 131 F.3d 836, 839 (9th Cir. 1997).

States, state agencies, and state officials sued officially are not "persons" subject to suit for money damages under section 1983. *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 65, 71 (1989).

**Eighth Amendment—Failure to Protect**

"Prison officials have a duty to take reasonable steps to protect inmates from physical abuse." *Hoptowit v. Ray*, 682 F.2d 1237, 1250-51 (9th Cir. 1982); *see also Farmer v. Brennan*, 511 U.S. 825, 833 (1994); *Robinson v. Prunty*, 249 F.3d 862, 866 (9th Cir. 2001). To establish a violation of this duty, the prisoner must establish that prison officials were "deliberately indifferent" to serious threats to the inmate's safety. *See Farmer*, 511 U.S. at 834. Where an inmate's claim is based on an alleged failure to prevent harm, the inmate may satisfy the "sufficiently serious" requirement by showing the existence of "conditions posing a substantial risk of serious harm." *Farmer*, 511 U.S. at 834; *Helling v. McKinney*, 509 U.S. 25, 33-34 (1993).

**Eighth Amendment—Wanton Infliction of Pain**

"Not every governmental action affecting the interests or well-being of a prisoner is subject to Eighth Amendment scrutiny." *Whitley v. Albers*, 475 U.S. 312, 319 (1986). Only the "unnecessary and wanton infliction of pain" constitutes cruel and unusual punishment after incarceration. *Id.* (quoting *Ingraham v. Wright*, 430 U.S. 651, 670 (1977)). Cruel and unusual punishment involves more than ordinary lack of due care for the prisoner's interests and safety. "The infliction of pain in the course of a prison's security measure, therefore, does not amount to cruel and unusual punishment simply because it may appear in retrospect that the

degree of force" used was unreasonable. *Id*.

"[I]n evaluating the challenged conduct of prison officials, a court must keep in mind the paramount concerns of maintaining order and discipline" and must not "freely substitute [its] judgment for that of officials who have made a considered choice." *Ort v. White*, 813 F.2d 318, 322 (11th Cir. 1987) (citing *Whitley*, 475 U.S. at 322).

**Eighth Amendment—Medical Care**

To prevail on an Eighth Amendment medical care claim, a prisoner must demonstrate "deliberate indifference to serious medical needs." *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006) (*citing Estelle v. Gamble*, 429 U.S. 97, 104 (1976)). There are two prongs to the deliberate-indifference analysis. First, a prisoner must show a "serious medical need." *Jett*, 439 F.3d at 1096 (citations omitted). A " 'serious' medical need exists if the failure to treat a prisoner's condition could result in further significant injury or the 'unnecessary and wanton infliction of pain.' " *McGuckin v. Smith*, 974 F.2d 1050, 1059 (9th Cir. 1992) (internal citation omitted).

Second, a prisoner must show that the defendant's response to that need was deliberately indifferent. *Jett*, 439 F.3d at 1096. This second prong is met if the prisoner demonstrates (1) a purposeful act or failure to respond to a prisoner's

6

medical need and (2) harm caused by the indifference. *Id.* Prison officials are deliberately indifferent if they deny, delay, or intentionally interfere with medical treatment. *Wood v. Housewright*, 900 F.2d 1332, 1334 (9th Cir. 1990).

**FACTUAL ALLEGATIONS**

For purposes of this review, the allegations in the Complaint are presumed to be true so long as they have some factual support. Unsupported legal conclusions are disregarded.

In 2009, while incarcerated in Administrative Segregation, Mr. Hall associated with inmates who were members of a security threat group (STG) known as the Northland Familia or Northerners/Nortenos. (Doc. 2 at 10.) Mr. Hall received several disciplinary write-ups for being in possession of and passing STG related material.

On July 20, 2011, Mr. Hall was assigned to an amended locked housing inmate management plan, which included a three-month placement with the Closed Custody Management Program (CCMP). Mr. Hall alleges Defendant Alvin Fode and his unit management team housed rivals of various STGs (mainly Northerners and Southerners) together as part of this management plan. (Doc. 2 at 15.)

Defendant Fode allegedly referred to Mr. Hall as a trouble-maker for filing grievances, a "P.C." (protective custody) hideout afraid to be in the general

population, and a "shot-caller for the Northerners." (Doc. 2 at 16.) Lt. Dan Hess allegedly referred to Mr. Hall as a leader of the Northerners at MSP. (Doc. 2 at 16-17.)

According to a November 15, 2011 MSP Incident Report, another inmate reported to his case manager that there were inmates in CCMP "waiting" for Mr. Hall to join their housing unit, presumably to cause him harm because of his role with the Northerners. This report was copied to Warden Mahoney, Deputy Warden Swanson, Associate Warden Mihelich, Associate Warden Beeson, the Security Major, the Unit Manager, Command Post, and the Investigators' Office. (November 15, 2011 Incident Report, Doc. 7-1.)

Mr. Hall submitted a classification appeal and cited concerns about his placement in CCMP. Defendant Fode denied the appeal. (Doc. 2 at 19-20.)

When Mr. Hall was transferred into CCMP, Mr. Hall alleges two Southsider STG members came up from behind him and knocked him unconscious using a wooden game board as a weapon. While Mr. Hall was unconscious, the two STG members kicked, punched, and hit Mr. Hall. (Doc. 2 at 20-21.)

Mr. Hall alleges the assault resulted in lacerations to his skull, a concussion, numerous cracked and bruised ribs, and injuries to his hand and knee. (Doc. 2 at 21.) Mr. Hall was taken by ambulance to Deer Lodge Medical Center for medical

treatment. He was then returned to MSP and placed in the infirmary for six days.

Security staff required Mr. Hall to be put in restraints before medical staff could enter his room in the infirmary. In order to be put in restraints, Mr. Hall had to lift himself out of and hop down from his hospital bed, walk over to the cell door, bend down to a hatch in the door, and place his hands through the hatch to be handcuffed. Mr. Hall alleges this caused him severe pain. (Doc. 2 at 23-24.)

On November 21, 2011, Dr. Kohut discharged Mr. Hall from the infirmary and dramatically reduced his pain medications. Mr. Hall continued to suffer headaches and pain in his back, and Dr. Kohut prescribed Ibuprofen for the pain.

In June 2012, Mr. Hall began to experience numbness in his calf. Dr. Kohut attributed this to old age. In March 2013, Mr. Hall began to experience numbness in his arms when he sat or laid down. Dr. Kohut ordered x-rays and a blood test. When those failed to provide an explanation for the numbness, Dr. Kohut again opined that it was old age. The only form of treatment Mr. Hall has received is Ibuprofen. (Doc. 2 at 32-34.)

## ANALYSIS

**Montana State Prison**

Although listed in the caption of the case, MSP is not included in the "Parties" section of the Complaint (Doc. 2 at 3-9), and there are no specific

9

allegations or claims brought against MSP. Regardless, the State of Montana and its agencies, including MSP, have Eleventh Amendment immunity from damages suits in federal court and are not "persons" for purposes of 42 U.S.C. § 1983. MSP should be dismissed.

### Eighth Amendment—Failure to Protect

Mr. Hall alleges Defendants labeled him as a leader of the Northerners and placed him in a pod with rival gang members without sufficient precautions. As a result, he alleges he was assaulted by other inmates. These allegations are sufficient to state an Eighth Amendment claim. *Valandingham*, 866 F.2d at 1138 (recognizing a claim under 42 U.S.C. § 1983 "for violation of [an inmate's] right to be protected from violence while in custody" where prison officials labeled an inmate a "snitch," and as a result, he was threatened with harm). Defendants Kirkegard, Beeson, Swanson, Woods, Neubauer, Reich, Wigert, Hess, Steyh, Fode, and Hastings must respond to this claim.

### Eighth Amendment—Wanton Infliction of Pain

Mr. Hall alleges that forcing him to leave his bed, walk across the room unassisted, and present his hands for restraints to be put on before medical staff entered the room to provide medical treatment constituted the unnecessary and wanton infliction of pain and suffering.

10

These allegations are insufficient to state a claim. Mr. Hall failed to demonstrate that Defendants acted with lack of due care for his interests and safety, let alone with "more than ordinary lack of due care." *Whitley*, 475 U.S. at 319. He likewise failed to establish that placing him in restraints "was totally without penological justification." *Rhodes v. Chapman*, 452 U.S. 337, 346 (1981) (citations omitted). Nothing suggests Defendants were not making a good faith effort to maintain discipline in the prison. *See Whitley*, 475 U.S. at 313. This claim should be dismissed.

**Eighth Amendment—Medical Care**

Mr. Hall alleges Dr. Kohut's decisions to release him from the infirmary and lower his pain medications violated the Eighth Amendment. He also alleges that the treatment for the numbness in his arms and calf was inadequate. These allegations do not rise to the level of a constitutional violation.

A mere difference of medical opinion does not constitute an Eighth Amendment violation. *Toguchi v. Chung*, 391 F.3d 1051, 1059–60 (9th Cir. 2004). In order to allege an Eighth Amendment violation, Mr. Hall must present sufficient facts that plausibly support the conclusion that Dr. Kohut's chosen course of treatment was medically unacceptable under the circumstances and was chosen by Dr. Kohut in conscious disregard of an excessive risk to his health. *Jackson v.*

11

*McIntosh*, 90 F.3d 330, 332 (9th Cir. 1996).

Here, Mr. Hall's allegations that Dr. Kohut provided him with Ibuprofen for his pain but refused to provide stronger pain medication upon his demand do not plausibly support the conclusion that Dr. Kohut acted with deliberate indifference. Mr. Hall was rushed to the hospital after he received his injuries, and Dr. Kohut examined Mr. Hall after his stay in the infirmary. Dr. Kohut later examined Mr. Hall and ran tests regarding his complaints of numbness. Mr. Hall's allegations do not plausibly support the conclusion that Dr. Kohut knew that his refusal to grant Mr. Hall's demands for stronger pain medication or provide additional testing for his numbness was medically unacceptable under the circumstances and chosen in conscious disregard of an excessive risk to Mr. Hall's health. Accordingly, Mr. Hall fails to state an Eighth Amendment claim related to Dr. Kohut's treatment of his medical conditions.

**John and Jane Does**

The complaint also names Doe defendants. The use of Doe defendants in federal court is problematic, *see Gillespie v. Civiletti*, 629 F.2d 637, 642 (9th Cir. 1980), and ultimately unnecessary. The Federal Rules of Civil Procedure prescribe the process a plaintiff must follow to add as defendants subsequently identified individuals. Should Mr. Hall learn the identities of parties he wishes to serve, he

must promptly move pursuant to Rule 15 of the Federal Rules of Civil Procedure to file an amended complaint to add them as defendants. *See Brass v. County of Los Angeles*, 328 F.3d 1192, 1197–98 (9th Cir. 2003). If the timing of his amended complaint raises questions as to the statute of limitations, plaintiff must satisfy the requirements of Rule 15(c), which is the controlling procedure for adding defendants whose identities were discovered after commencement of the action. Unknown persons cannot be served with process until they are identified by their real names, and the Court will not investigate the names and identities of unnamed defendants.

## CONCLUSION

Defendants Kirkegard, Beeson, Swanson, Woods, Neubauer, Reich, Wigert, Hess, Steyh, Fode, and Hastings must make an appearance on Mr. Hall's failure to protect claim. Mr. Hall's claims regarding being placed in restraints, the type of pain medication given, and further testing regarding the numbness in his arms and legs fail to state a claim upon which relief may be granted. These are not defects that could be cured by the allegation of additional facts. These claims should be dismissed. Dr. Kohut and MSP should also be dismissed.

It is **ORDERED**:

    1. This being the screening of Mr. Hall's Complaint, his Motion for

Prescreening (Doc. 13) is DISMISSED as MOOT.

    2. Pursuant to Fed.R.Civ.P. 4(d), Defendants Kirkegard, Beeson, Swanson, Woods, Neubauer, Reich, Wigert, Hess, Steyh, Fode, and Hastings are asked to waive service of summons by executing, or having counsel execute, the Waiver of Service of Summons. The Waiver must be returned to the Court within thirty (30) days of the entry date reflected on the Notice of Electronic Filing. If Defendants choose to return the Waiver of Service of Summons, the answer or appropriate motion will be due within sixty (60) days after the entry date of this Order as reflected on the Notice of Electronic Filing, pursuant to Fed.R.Civ.P. 12(a)(1)(B).[1]

    2. The Clerk of Court shall forward the documents listed below to:

Legal Counsel for the
Montana Department of Corrections
P.O. Box 201301
Helena, MT 59620-1301

    \*    Complaint (Doc. 2);
    \*    Motion for Temporary Restraining Order (Doc. 7);
    \*    Supplement to Motion for Temporary Restraining Order (Doc. 8);
    \*    April 21, 2014 Order (Doc. 9);
    \*    this Order;
    \*    a Notice of Lawsuit & Request to Waive Service of Summons; and
    \*    a Waiver of Service of Summons.

---

[1] In light of the recommendation that Montana State Prison and Dr. Kohut be dismissed, they are not required to enter an appearance or file a responsive pleading at this time.

3.  Any party's request that the Court grant relief, make a ruling, or take an action of any kind must be made in the form of a motion, with an appropriate caption designating the name of the motion, served on all parties to the litigation, pursuant to Federal Rules of Civil Procedure 7, 10, and 11.  If a party wishes to give the Court information, such information must be presented in the form of a notice.  The Court will not consider requests made or information presented in letter form.

4.  Pursuant to Fed.R.Civ.P. 5(a), all documents presented for the Court's consideration must be simultaneously served by first-class mail upon the opposing party or their counsel if the party is represented.  Each party shall sign and attach a proper certificate of service to each document filed with the Court.  The Certificate of Service must state the date on which the document was deposited in the mail and the name and address of the person to whom the document was sent.  The sender must sign the certificate of service.

5.  Mr. Hall <u>must not</u> make any motion for default until at least seventy (70) days after the date of this Order.

6.  At all times during the pendency of this action, Mr. Hall must immediately advise the Court and opposing counsel of any change of address and its effective date.  Failure to file a notice of change of address may result in the

dismissal of the action for failure to prosecute pursuant to Fed.R.Civ.P. 41(b).

It is **RECOMMENDED**:

1. Mr. Hall's medical care claims regarding being placed in restraints, the type of pain medication given, and further testing regarding the numbness in his arms and legs should be DISMISSED for failure to state a claim.

2. Dr. Kohut and the Montana State Prison should be DISMISSED.

### NOTICE OF RIGHT TO OBJECT TO FINDINGS & RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT

Mr. Hall may file objections to these Findings and Recommendations within fourteen (14) days after service (mailing) hereof.[2] 28 U.S.C. § 636. Failure to timely file written objections may bar a de novo determination by the district judge and/or waive the right to appeal.

This order is not immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Fed.R.App.P. 4(a), should not be filed until entry of the District Court's final judgment.

DATED this 10th day of November, 2014.

---

[2] As this deadline allows a party to act after the Findings and Recommendations is "served," it falls under Fed.R.Civ.P. 6(d). Therefore, three (3) days are added after the period would otherwise expire.

    */s/ Keith Strong*
Keith Strong
United States Magistrate Judge

# NOTICE OF LAWSUIT AND REQUEST FOR
# WAIVER OF SERVICE OF SUMMONS

TO: Legal Counsel for the Montana Department of Corrections
P.O. Box 201301
Helena, MT 59620-1301

A lawsuit has been commenced by a pro se plaintiff against Leroy Kirkegard, Myron Beeson, Ross Swanson, Tom Woods, Candyce Neubauer, Billie Reich, Roxanne Wigert, Dan Hess, Michele Steyh, Alvin Fode, and Sheila Hastings. A copy the Complaint is attached to this notice. It has been filed in the United States District Court for the District of Montana, Civil Action No. CV-14-11-H-DLC-RKS. The Court has completed its pre-screening and concludes these Defendants must file a responsive pleading. *See* 42 U.S.C. § 1997e(c), (g)(2); 28 U.S.C. §§ 1915(e)(2), 1915A(a), (b).

This is not a formal summons or notification from the Court, but rather a request that you sign and file the enclosed waiver of service in order to save the cost of service by the U.S. Marshal's Service. The cost of service will be avoided if you file the signed Waiver of Service of Summons within 30 days of the date the Order directing this Notice of Lawsuit and Request for Waiver of Service of Summons to be sent was entered as indicated on the Notice of Electronic Filing.

If you comply with this request and return the waiver to the Court, it will be filed with the Court and no summons will be served. The action will then proceed as if you had been served on the date the waiver is filed, except you must file an answer or appropriate motion within 60 days of the date the Order directing this Notice of Lawsuit and Request for Waiver of Service of Summons to be sent was entered as indicated on the Notice of Electronic Filing.

If you do not wish to waive service on behalf of Defendants, please indicate this on the Waiver of Service of Summons form. The Court will, in turn, order the U.S. Marshal's Service to serve the complaint personally on Defendants and may impose the full costs of such service.

                                 */s/ Keith Strong*
                                 Keith Strong
                                 United States Magistrate Judge

# WAIVER OF SERVICE OF SUMMONS

TO:   The U.S. District Court for the District of Montana

  The following Defendants acknowledge receipt of your request to waive service of summons in the following action: <u>Hall v. Kirkegard, et al.</u>, Civil Action No. CV-14-11-H-DLC-RKS filed in the United States District Court for the District of Montana.  Defendants also received a copy of the Complaint.  I am authorized by the following Defendants to agree to save the cost of service of a summons and an additional copy of the Complaint in this action by not requiring that the following individuals be served with judicial process in the case provided by Fed.R.Civ.P. 4:

_____; _____;

_____; _____;

_____; _____;

  The above-named Defendants retain all defenses or objections to the lawsuits or to the jurisdiction or venue of the Court except for objections based on a defect in the summons or in the service of the summons.  I understand judgments may be entered against the above-named Defendants if an answer or motion under Fed.R.Civ.P. 12 is not served within 60 days after the date the Order directing the Notice of Lawsuit and Request for Waiver of Service of Summons to be sent was entered as indicated on the Notice of Electronic Filing.

  I decline to waive service on behalf of the following Defendants:

_____; _____;

_____; _____;

_____; _____;

_____    _____
DATE                 SIGNATURE

                _____
                PRINTED/TYPED NAME

                _____

                _____
                ADDRESS