IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
HELENA DIVISION

| STACY HALL, | CV 14–11–H–DLC |
|---|---|
| Plaintiff, | |
| vs. | ORDER |
| MONTANA STATE PRISON, LEROY KIRKEGARD, MYRON BEESON, ROSS SWANSON, TOM WOODS, CANDYCE NEUBAUER, BILLIE REICH, ROXANNE WIGERT, DAN HESS, MICHELE STEYH, ALVIN FODE, SHEILA HASTINGS, JOHN DOE, JAMES/JAN DOE, TRISDAN KOHUT, | FILED JAN 3 0 2015 Clerk, U.S District Court District Of Montana Missoula |
| Defendants. | |

United States Magistrate Judge R. Keith Strong entered his Order and Findings and Recommendations on November 10, 2014, ordering Defendants Kirkegard, Beeson, Swanson, Woods, Neubauer, Reich, Wigert, Hess, Steyh, Fode, and Hastings to respond to Hall's failure to protect claim, and recommending that all other claims be dismissed for failing to state a claim. Hall timely objected to the Findings and Recommendations, and is therefore entitled to *de novo* review of the specified findings or recommendations to which he objects.

28 U.S.C. § 636(b)(1). The portions of the findings and recommendations not specifically objected to will be reviewed for clear error. *McDonnell Douglas Corp. v. Commodore Bus. Mach., Inc.*, 656 F.2d 1309, 1313 (9th Cir. 1981). Clear error exists if the Court is left with a "definite and firm conviction that a mistake has been committed." *United States v. Syrax*, 235 F.3d 422, 427 (9th Cir. 2000). The Court adopts Judge Strong's recommendations in part and rejects them in part.

The Court will recite the factual and procedural background of the case only as necessary to explain its reasoning. Hall is a prisoner in the custody of the State of Montana and is proceeding in forma pauperis. Accordingly, the Court must review his complaint to determine if the allegations are frivolous, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A(b).

### A. Eighth Amendment—Wanton infliction of pain/deliberate indifference to serious medical condition

Hall alleges that he was severely beaten by two fellow prisoners while being escorted into a different area of the prison. He alleges that as a result of the assault he suffered significant head trauma, including multiple head lacerations and concussions, cracked and bruised ribs, and injuries to his hand, knee, and back.

Hall's injuries were treated at the prison infirmary for a period of six days. After the first day of treatment, prison officials began requiring Hall to submit to restraints before any medical care or treatment was allowed to be administered. In order to submit to restraints, Hall was required to lift himself up out of his hospital bed, hop down, walk unassisted across his room to the door, bend down to a hatch in the door, place his hands through the hatch to be handcuffed, then walk back to the bed, and climb into it before medical staff were allowed in to administer medical treatment. After medical staff exited the room, Hall was required to repeat this process. Hall alleges that this process caused him severe pain, prolonged his recovery, and aggravated his injuries.

Judge Strong found these allegations insufficient to state a claim for a violation of Hall's Eighth Amendment rights and recommended dismissal. In particular, citing *Whitley v. Albers*, 475 U.S. 312, 319 (1986), Judge Strong found that the allegations were insufficient to state a claim for wanton infliction of pain. Hall, however, has labeled his claim as one based on deliberate indifference to serious medical condition. Hall objects to Judge Strong's reliance on *Whitley*. Hall asserts that *Whitley*'s articulation of the standard for an Eighth Amendment violation arises from the specific context of prison officials' response to a prison riot, rather than the situation presented in his Complaint. Hall contends that

applying the standard for excessive force set forth in *Hudson v. McMillan*, 503 U.S. 1 (1992), would yield a different result.

The Court respectfully disagrees with Judge Strong's analysis. The Court need not pigeon-hole Hall's specific theory for liability against the Defendants other than to determine whether or not it states a plausible claim for relief based on an Eighth Amendment violation. "[D]eliberate indifference to serious medical needs of prisoners constitutes the 'unnecessary and wanton infliction of pain' proscribed by the Eighth Amendment." *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). In this context, deliberate indifference may be "manifested by prison doctors in their response to the prisoner's needs or by prison guards in intentionally denying or delaying access to medical care or intentionally interfering with the treatment once prescribed." *Id.* at 104-105. The Court concludes that Hall plausibly alleges deliberate indifference to his serious medical needs based on the prison officials' requirement that, under the circumstances, he submit to restraints in the manner alleged before receiving medical treatment. *Estelle v. Gamble*, 429 U.S. 97, 104-106 (1976); *McGuckin v. Smith*, 974 F.2d 1050, 1059-1060 (9th Cir. 1992) *overruled on other grounds by WMX Technologies, Inc. v. Miller*, 104 F.3d 1133 (9th Cir. 1997). Accordingly, Defendants Woods, Beeson, Swanson, and Kirkegard will be required to respond

to this claim.

B. Eighth Amendment—Medical Care

Hall alleges that Dr. Kohut's decisions to release him from the infirmary and lower his pain medications violated the Eighth Amendment. He also alleges that Dr. Kohut's treatment for his numbness complaints was inadequate. Judge Strong found that these allegations were insufficient to state a plausible claim for relief and recommended dismissal. Hall objects to this finding and recommendation. The Court agrees with Judge Strong that Hall's claim based on the alleged conduct of Dr. Kohut fails to state an Eighth Amendment violation.

In his objections, Hall, citing *Williams v. Vincent*, 508 F.2d 541, 544 (2d. Cir. 1974), contends that deliberate indifference may be shown when a prison doctor deliberately chooses an inadequate course of treatment simply because it is convenient. The Court does not disagree with this contention, and Judge Strong's recommendation is not inconsistent with this proposition of law. Hall, however, has failed to present sufficient facts that plausibly support the conclusion that Dr. Kohut deliberately chose an inadequate course of treatment in conscious disregard of Hall's health. *see Jackson v. McIntosh*, 90 F.3d 330, 332 (9th Cir. 1996). At most, Hall's allegations suggest that he disagrees with Dr. Kohut's chosen course of treatment, despite the fact that it appears from the Complaint that the course of

treatment was ultimately effective. Hall has not alleged facts sufficient to support the conclusion that Dr. Kohut's course of treatment was medically unacceptable under the circumstances or was chosen in conscious disregard of an excessive risk to Hall's health. *Toguchi v. Chung*, 391 F.3d 1051, 1058 (9th Cir. 2004). Accordingly, Hall's § 1983 medical care claim based on Dr. Kohut's conduct must be dismissed.

### C. State law medical negligence and malpractice

Hall requests that the Court exercise supplemental jurisdiction over his state law claim for medical negligence and malpractice against Dr. Kohut. The Court finds that Hall has failed to state a claim for medical malpractice under Montana law, but even assuming Hall has adequately pled such a claim, the Court declines to exercise supplemental jurisdiction over it.

In order to establish a prima facie claim for medical malpractice in Montana, a plaintiff must establish (1) the applicable standard of care, (2) the defendant departed from that standard of care, and (3) the departure proximately caused plaintiff's injury. *Estate of Willson v. Addison*, 258 P.3d 410, 414 (Mont. 2011). Montana statute requires that a plaintiff submit any medical malpractice claim to the Montana Medical Legal Panel for a decision before filing an action in any court against a health care provider. Mont. Code Ann. § 27-6-701. Hall's

complaint does not allege a deviation from the applicable standard of care, nor does it indicate that Hall has exhausted his administrative remedies as required by Montana statute. Accordingly, Hall's medical malpractice claim fails to state a claim upon which relief may be granted and must be dismissed.

Even assuming Hall's state law medical malpractice claim was sufficiently pled, the Court declines to exercise supplemental jurisdiction over it pursuant to 28 U.S.C. § 1367. For the reasons explained above, Hall fails to state a § 1983 claim against Dr. Kohut, and thus, the allegations against Dr. Kohut are not so related to Hall's § 1983 claims as to form the same case or controversy. Dr. Kohut's treatment of Hall began six days after he was assaulted and are unrelated to the allegations regarding Hall's submission to restraints while in the prison infirmary. Accordingly, the Court lacks both original or supplemental jurisdiction over Hall's state law medical malpractice claim. But even assuming the claim forms the same case or controversy, Hall's state law medical malpractice claim against Dr. Kohut is likely to predominate over Hall's §1983 claims, and the Court therefore declines supplemental jurisdiction pursuant to 28 U.S.C. § 1367(c)(2).

Accordingly, even if Hall's claim for medical malpractice were to adequately state a claim for relief, the Court declines to exercise supplemental jurisdiction over it. Dr. Kohut is dismissed from this action.

There being no clear error in any of the remaining findings and recommendations, the Court adopts them in full.

IT IS ORDERED that Judge Strong's Findings and Recommendations (Doc. 14) are ADOPTED IN PART AND REJECTED IN PART. Defendants Woods, Beeson, Swanson, and Kirkegard must respond to Hall's claim regarding being placed in restraints. Defendants' responsive pleading is due February 9, 2015. Dr. Kohut and the Montana State Prison are DISMISSED.

DATED this 30th day of January 2015.

Dana L. Christensen, Chief Judge
United States District Court