IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
HELENA DIVISION

| | |
|---|---|
| STACY HALL,<br><br>  Plaintiff,<br><br>  vs.<br><br>LEROY KIRKEGARD, MYRON BEESON, ROSS SWANSON, TOM WOODS, CANDYCE NEUBAUER, BILLIE REICH, ROXANNE WIGERT, DAN HESS, MICHELE STEYH, ALVIN FODE, SHEILA HASTINGS, JOHN DOE, JANES/JANE DOE,<br><br>  Defendants. | CV 14-00011-H-DLC-JTJ<br><br>FINDINGS AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE AND ORDER |

Plaintiff Stacy Hall has filed a Motion for a Preliminary Injunction seeking an order protecting his access to legal materials and personal legal property from further "impedance [sic], frustration, and obstruction," (Doc. 35), Motion for Leave to File a Second Amended Complaint (Doc. 43), Motion to Appoint Counsel (Doc. 44), and Supplemental Motion for Leave to File a Second Amended Complaint (Doc. 48). Mr. Hall is a Montana state prisoner proceeding in forma pauperis and without counsel.

## I. Motion for Preliminary Injunction

"A preliminary injunction is an extraordinary remedy never awarded as of

1

right." *Winter* v. *Nat. Resources Def. Council, Inc.*, 555 U.S. 7, 24 (2008) (citations omitted). It serves not as a preliminary adjudication on the merits but as a tool to preserve the status quo and prevent irreparable loss of rights before judgment. *Textile Unlimited, Inc.* v. *A.. BMH & Co., Inc.*, 240 F.3d 781, 786 (9th Cir. 2001). In reviewing a motion for preliminary injunction, "courts must balance the competing claims of injury and must consider the effect on each party of the granting or withholding of the requested relief." *Winter*, 555 U.S. at 24 (citations and internal quotation marks omitted). "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter*, 555 U.S. at 20 (citations omitted).

*Winter* does not explicitly discuss use of a "sliding scale approach to preliminary injunctions" whereby "the elements of the preliminary injunction test are balanced, so that a stronger showing of one element may offset a weaker showing of another." *Alliance for the Wild Rockies* v. *Cottrell*, 632 F.3d 1127, 1131 (9th Cir. 2011). The Ninth Circuit recognizes one such "approach under which a preliminary injunction could issue where the likelihood of success is such that serious questions going to the merits were raised and the balance of hardships

2

tips sharply in plaintiff's favor." *Id.* (citations and internal quotation marks omitted).

Nevertheless, a preliminary injunction "should not be granted unless the movant, *by a clear showing,* carries the burden of persuasion." *Lopez* v. *Brewer,* 680 F.3d 1068, 1072 (9th Cir. 2012) (citations omitted; emphasis in original). A request for a mandatory injunction seeking relief well beyond the status quo is disfavored and shall not be granted unless the facts and law clearly favor the moving party. *Stanley v. Univ. of S. Cal.*, 13 F.3d 1313, 1319–20 (9th Cir. 1994).

Mr. Hall seeks an order: (1) giving him "access to his legal papers, motions, filings, declarations, affidavits, records, diaries, personally written logs, letters between witnesses and attorneys, all Court filings, and his personally purchased legal books needed to litigate this matter"; (2) requiring his legal materials, if seized, to be returned after three days; and (3) forbidding Defendants and their agents to read, dispose of, tamper with, destroy, or leave unprotected his legal materials. (Doc. 35 at 1-2.)

Mr. Hall alleges his property, including legal documents, was seized when he was transferred to South Dakota in November 2014. He alleges he did not have access to his legal documents between November 2014 and January 2015. (Hall Affidavit, Doc. 35-1 at 1.) His property was returned to him in January 2015 but

was seized again on March 4, 2015, when he was transferred to a different facility. (Hall Affidavit, Doc. 35-1 at 2.)

Defendants oppose the motion, arguing that Mr. Hall is not entitled to injunctive relief because he has failed to demonstrate that he will suffer substantial and immediate irreparable injury for which there is no adequate legal remedy. (Response, Doc. 42 at 1.) Counsel for Defendants also asserts that she spoke with correction officials in South Dakota on March 26, 2015. The officials told her that all of Mr. Hall's personal property and legal materials had been delivered to him. She spoke with Mr. Hall on April 1, 2015, and verified that all of his legal materials had been returned. (Response, Doc. 42 at 4.) Mr. Hall did not file a reply to dispute counsel's representations.

In addition, since filing of the motion for preliminary injunction on March 16, 2015, Mr. Hall has filed a Motion to Serve (Doc. 39), a Motion for Leave to File a Second Amended Complaint (Doc. 43), a Motion for the Appointment of Counsel (Doc. 44), and a Supplemental Motion for Leave to File a Second Amended Complaint with a detailed 21-page proposed Second Amended Complaint (Doc. 48). In these filings, Mr. Hall has provided detailed factual and legal arguments. There is no indication that his ability to litigate this matter to the fullest has been impacted by the alleged seizure of legal materials.

Given Defendants' undisputed representation that Mr. Hall's legal materials have been returned, and Mr. Hall's demonstrated ability to litigate this matter effectively, the motion for preliminary injunction should be denied.

**II. Motion to Amend**

Mr. Hall has filed a Motion for Leave to File a Second Amended Complaint. (Doc. 43.) He seeks to add parties, correct party identities, correct party descriptions, clarify certain facts, add facts pertaining to newly added defendants, strike facts related to the dismissed medical care claim, and make minor changes in language and nomenclature. Defendants do not object to the filing of the Second Amended Complaint except as to the addition of Defendant Vera Hoscheid. The Court will, therefore, focus its analysis on the addition of Defendant Vera Hoscheid.

Mr. Hall indicates in his motion that in his original and first amended complaints that he "completely overlooked Vera Hoscheid." (Doc. 43 at 3, ¶ 6.) He alleges Ms. Hoscheid is the Case Manager who authored incident reports on November 15, 2011, regarding threats to Mr. Hall's safety. (Doc. 43 at 3-4.)

Defendants oppose the motion to add Ms. Hoscheid as a Defendant on the grounds that Mr. Hall sought to add Ms. Hoscheid after the running of the applicable statute of limitations. Mr. Hall filed his original Complaint on March 3,

5

2014, regarding a failure to protect claim arising from an assault on November 16, 2011. (Complaint, Doc. 2.)

"A motion for leave to amend may be denied if it appears to be futile or legally insufficient." *Miller v. Rykoff–Sexton, Inc.*, 845 F.2d 209, 214 (9th Cir. 1988) (citations omitted). Claims barred by the statute of limitations are futile. *Platt Elec. Supply, Inc. v. EOFF Elec., Inc.*, 522 F.3d 1049, 1060 (9th Cir. 2008) (*citing Steckman v. Hart Brewing, Inc.*, 143 F.3d 1293, 1298 (9th Cir.1998) (the "general rule that parties are allowed to amend their pleadings . . . does not extend to cases in which any amendment would be an exercise in futility, or where the amended complaint would also be subject to dismissal . . . ")).

The United States Supreme Court in *Wilson v. Garcia*, 471 U.S. 261 (1985), determined the applicable statute of limitations for claims filed pursuant to 42 U.S.C. § 1983 is the state statute of limitations governing personal injury actions. In Montana, that period is three years after the action accrues. Mont. Code. Ann. § 27-2-204(1). Barring any basis for tolling or relation back of the amendment, the statute of limitations on Mr. Hall's claims against Ms. Hoscheid ran in November 2014.

Mr. Hall argues his claims against Ms. Hoscheid fall under Rule 15(c)(1)(C) of the Federal Rules of Civil Procedure. Rule 15(c) provides:

6

> (1) When an Amendment Relates Back. An amendment to a pleading relates back to the date of the original pleading when:
>> (A) the law that provides the applicable statute of limitations allows relation back;
>> (B) the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out--or attempted to be set out--in the original pleading; or
>> (C) the amendment changes the party or the naming of the party against whom a claim is asserted, if Rule 15(c)(1)(B) is satisfied and if, within the period provided by Rule 4(m) for serving the summons and complaint, the party to be brought in by amendment:
>>> (I) received such notice of the action that it will not be prejudiced in defending on the merits; and
>>> (ii) knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity.

Fed.R.Civ.P. 15(c). Therefore, Mr. Hall's claims relate back to his original filing if: (1) the amendment asserts a claim that arose out of the conduct, transaction, or occurrence set out in the original pleading;[1] (2) Ms. Hoscheid received notice of the action such that she will not be prejudiced; and (3) she knew or should have known that the action would have been brought against her but for a mistake concerning her identity.

Mr. Hall cannot satisfy the third factor. Mr. Hall admits that the failure to name Ms. Hoscheid was an oversight, not a mistake concerning her identify. Moreover, as Defendants point out, Mr. Hall filed Ms. Hoscheid's incident report

---

[1] Defendants concede Mr. Hall has met this factor.

on April 4, 2014, just a month after the filing of the original Complaint. (Attachment to Motion for TRO, Doc. 7-1.) Clearly Mr. Hall was aware of Ms. Hoscheid's identity, and the fact that he may have overlooked naming her in his original and amended complaints does not provide a sufficient basis for tolling of the statute of limitation or relation back of the amendment.

Mr. Hall's claims against Ms. Hoscheid are barred by the applicable statute of limitations and should be dismissed. The Motion to Amend will be granted with regard to all other claims and defendants.

### III. Motion to Appoint Counsel

No one, including incarcerated prisoners, has a constitutional right to be represented by appointed counsel when they choose to bring a civil lawsuit under 42 U.S.C. § 1983. *Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997), *withdrawn on other grounds*, 154 F.3d 952, 962 (9th Cir. 1998). Unlike in criminal cases, the statute that applies in civil cases does not give a court the power to simply appoint an attorney. 28 U.S.C.§ 1915 only allows the Court to "request" counsel to represent a litigant who is proceeding in forma pauperis. 28 U.S.C. § 1915(e)(1). A judge cannot order a lawyer to represent a plaintiff in a § 1983 lawsuit–a judge can merely request a lawyer to do so. *Mallard v. United States Dist. Ct.*, 490 U.S. 296, 310 (1989). Further, much different from in a criminal

case, a judge in a civil case may only request counsel for an indigent plaintiff under "exceptional circumstances." 28 U.S.C. § 1915(e)(1); *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991).

> A finding of exceptional circumstances requires an evaluation of both 'the likelihood of success on the merits and the ability of the petitioner to articulate his claims pro se in light of the complexity of the legal issues involved.' Neither of these factors is dispositive and both must be viewed together before reaching a decision.

*Terrell*, 935 F.2d at 1017 (citing *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986) (citations omitted).

Mr. Hall alleges he is unable to afford counsel; he has stated a claim "the Court has determined to be meritorious"; the issues in the case are complex and involve a large number of defendants; he lacks legal experience; complex discovery rules place him at a great disadvantage; and the case will turn on assessments of credibility and conflicting testimony. He also states he has been transferred out of state, which allegedly prevents him from accessing witnesses and further investigating his claims. He contends his case requires extensive documentary discovery, depositions of prison officials and inmates, and access to documents related to Security Threat Group (STG) member identities, including interviews by staff and incident reports. He states discovery of these materials has become "impossible" due to his transfer out of state and his status as an inmate.

9

(Counsel Motion, Doc. 44.)

Many indigent plaintiffs might fare better if represented by counsel, but this is not the test. *Rand*, 113 F.3d at 1525. Plaintiffs representing themselves are rarely able to research and investigate facts easily. This alone does not deem a case complex. *See Wilborn*, 789 F.2d at 1331. Factual dispute and thus anticipated examination of witnesses at trial does not establish exceptional circumstances supporting an appointment of counsel. *Rand*, 113 F.3d at 1525.

The Court has not, as Mr. Hall represented, made a determination that his claims are meritorious. The Court has merely made a finding that Mr. Hall has stated a claim for relief. Although the Court has directed that this matter be served upon Defendants, that only requires a showing that the Complaint has stated a claim. Mr. Hall has made no argument or showing regarding the likelihood of success on the merits.

The Court must also consider Mr. Hall's ability to articulate his claims pro se. Mr. Hall has done an excellent job of litigating this matter. He has filed two Complaints in this Court that are clear and detailed, and the Complaint in this matter has been served upon the Defendants. Mr. Hall is capable of articulating his claims pro se.

There may be issues with regard to obtaining records regarding STGs.

However, there is no indication that Mr. Hall has even attempted to utilize discovery methods such as written interrogatories and requests for production of documents. *See* Fed.R.Civ.P. 33(a)(1) ("a party may serve on any other party no more than 25 written interrogatories"); Fed.R.Civ.P. 34(a) ("[a] party may serve on any other party a request" for the production of documents); Fed.R.Civ.P. 36(a)(1) ("a party may serve on any other party a written request to admit"). Because there has been no showing that Mr. Hall has even attempted to utilize these methods of discovery, the request for appointment of counsel will be denied. Should circumstances change as this litigation progresses, Mr. Hall may renew his motion.

Based upon the foregoing, the Court issues the following:

## ORDER

1. Mr. Hall's Motion for Leave to File a Second Amended Complaint (Doc. 43) and Supplemental Motion for Leave to File a Second Amended Complaint (Doc. 48) are **GRANTED IN PART** as to all additions and changes except as to the addition of Defendant Vera Hoscheid.

2. Mr. Hall's Motion for Appointment of Counsel (Doc. 44) is **DENIED**.

3. At all times during the pendency of this action, Mr. Hall must immediately advise the Court and opposing counsel of any change of address and its effective date. Failure to file a notice of change of address may result in the

dismissal of the action for failure to prosecute pursuant to Fed.R.Civ.P. 41(b).

Further, the Court issues the following:

## RECOMMENDATIONS

1. Mr. Hall's Motion for Preliminary Injunction (Doc. 35) should be **DENIED**.

2. Mr. Hall's Motion for Leave to File a Second Amended Complaint (Doc. 43) and Supplemental Motion for Leave to File a Second Amended Complaint (Doc. 48) should be **DENIED** as to Defendant Vera Hoscheid because Mr. Hall failed to bring claims against Ms. Hoscheid within the applicable statute of limitations.

## NOTICE OF RIGHT TO OBJECT TO FINDINGS & RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT

Mr. Hall may file objections to these Findings and Recommendations within fourteen (14) days after service (mailing) hereof.[2] 28 U.S.C. § 636. Failure to timely file written objections may bar a de novo determination by the district judge and/or waive the right to appeal.

This order is not immediately appealable to the Ninth Circuit Court of

---

[2]As this deadline allows a party to act after the Findings and Recommendations is "served," it falls under Fed.R.Civ.P. 6(d). Therefore, three (3) days are added after the period would otherwise expire.

Appeals. Any notice of appeal pursuant to Fed.R.App.P. 4(a) should not be filed until entry of the District Court's final judgment.

DATED this 12th day of May, 2015.

/s/ John Johnston
John Johnston
United States Magistrate Judge