**FILED**

OCT 1 4 2015

Clerk, U.S. District Court
District Of Montana
Missoula

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
HELENA DIVISION

| | |
|---|---|
| STACY HALL,<br><br>              Plaintiff,<br><br>vs.<br><br>LEROY KIRKEGARD, MYRON BEESON, ROSS SWANSON, TOM WOODS, CANDYCE NEUBAUER, BILLIE REICH, ROXANNE WIGERT, DAN HESS, MICHELE STEYH, ALVIN FODE, SHEILA HASTINGS, JOHN DOE, JANES/JANE DOE,<br><br>              Defendants. | CV 14–11–H–DLC–JTJ<br><br>ORDER |

Plaintiff Stacy Hall filed his complaint in this matter on March 5, 2014. On May 12, 2015, United States Magistrate Judge John T. Johnston issued his order, findings, and recommendations as to Hall's pending motions. Judge Johnston granted Hall's motion to file a second amended complaint in part and denied his motion for appointment of counsel. Judge Johnston recommended that Hall's motion for preliminary injunction be denied and that Hall be denied the opportunity to amend his complaint as to proposed Defendant Vera Hoscheid. Hall objects not only to Judge Johnston's findings and recommendations but also

to his order. Because Hall timely raised his objections, the Court conducts de

novo review of the record as to Judge Johnston's findings and recommendations.

28 U.S.C. § 636(b)(1). Judge Johnston's order is reviewed for clear error. 28

U.S.C. § 636(b)(1)(A). Additionally, those portions of the Findings and

Recommendations to which Olson has not specifically objected will be reviewed

for clear error. *Id.*; *McDonnell Douglas Corp. v. Commodore Bus. Mach., Inc.*,

656 F.2d 1309, 1313 (9th Cir. 1981). For the reasons listed below, the Court

adopts Judge Johnston's recommendations in full.

The Court will recite the factual and procedural background of the case only

as necessary to explain its reasoning. Hall, a Montana state prisoner, is currently

housed in a South Dakota prison facility under the Interstate Corrections Compact.

*See* Mont. Code Ann. § 46-19-401 (2013). Hall proceeds pro se and *in forma*

*pauperis*; his complaint, before this Court pursuant to 42 U.S.C. § 1983, alleges

violation of his Eighth Amendment rights.

The Court first considers whether Judge Johnston clearly erred in denying

Hall's Motion to Appoint Counsel. 28 U.S.C § 636(b)(1)(A). Hall has not

demonstrated that "exceptional circumstances" exist. 28 U.S.C. § 1915(e)(1);

*Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991). Hall is remarkably

capable of articulating his claims pro se. *Terrell*, 935 F.2d at 1017 (citing *Wilborn*

*v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986)). Hall may renew his motion

if specific hardships present themselves during this litigation demonstrating a need

for counsel. At the present time, however, the record does not show extraordinary

circumstances compelling appointment of counsel. Judge Johnston did not clearly

err in denying Hall's motion.

## I.      Motion for Preliminary Injunction

Hall seeks a preliminary injunction, asserting that Defendants have

interfered with and are likely to continue to interfere with his access to the courts.

(Docs. 35, 55 at 4-5.) More specifically, Hall claims that he cannot adequately

present his claims without an injunction enjoining Defendants from preventing his

access to his purchased and prepared legal materials through the course of this

litigation. (Hall Affidavit, Doc. 35-1.) Hall proposes an order: (1) permitting his

unimpeded access to his "legal papers, motions, filings, declarations, affidavits,

records, diaries, personally written logs, letters between witnesses and attorneys,"

court documents, and purchased legal books; (2) requiring these materials, if

seized, be returned within three days; and (3) forbidding Defendants and their

agents to read, interfere with, and/or leave unprotected his legal materials. (Doc.

35.)

Judge Johnston recommended denial of the injunction, finding that Hall

failed to make a "clear showing" of necessity. (Doc. 50 at 3-5 (quoting *Lopez v. Brewer*, 680 F.3d 1068, 1072 (9th Cir. 2012)).) Judge Johnston found an injunction unnecessary because Hall failed to show the likelihood of irreparable harm when his legal materials have been returned to him and he has thus far litigated this matter ably and effectively. Hall objects to Judge Johnston's Findings and Recommendations regarding his proposed injunction on the following grounds: (1) he adequately showed the likelihood of irreparable harm; and (2) each other factor of the applicable test favors granting an injunction. (Doc. 55 at 4-5). Defendants have responded to Hall's objections, reasserting that Hall failed to meet his burden of proof.[1] (Doc. 56.)

Hall argues that he has been and will likely continue to be denied his constitutional right of access to the courts. Hall asserts that because this right is constitutional, its violation in and of itself demonstrates irreparable harm. (Doc. 55 at 4-6.) Hall also claims that future harm is likely because: (1) Defendants and their agents have repeatedly taken his legal materials in the past; and (2) the prison system lacks adequate policies and procedures to ensure the integrity of inmates'

---

[1] Hall also filed a reply to Defendants' response to Hall's objections. (Doc. 57.) The reply takes issue with Defendants' claims that Hall's misbehavior has driven his custody level. Because Defendants' claims do not factor into the Court's analysis, Hall's reply document is not considered in this Order.

property. (Doc. 55 at 6-7.) Defendants respond that Hall is himself responsible for the prison officials' interference with his legal materials because his own behavior has driven his custody level and housing. (Doc. 56 at 2.)

Hall advocates for application of the four-part test applied in *Winter v. Natural Resources Defense Council, Inc.*: "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." 555 U.S. 7, 20 (2008) (citations omitted). The Court does not reach the *Winter* analysis, however, where a prisoner alleging violation of his access-to-courts right fails to point to actual injury.[2] *Lewis v. Casey*, 518 U.S. 343, 349 (1996).

Here, Hall is not entitled to an injunction because he cannot show that actual harm has occurred. *Lewis*, 518 U.S. at 349-50. Since filing the motion for preliminary injunction on March 16, 2015, Hall has filed at least seven documents. (Docs. 39, 43, 44, 48, 55, 57, 58.) Hall has not disputed that his legal materials were returned to him. His filings are well-researched and well-drafted. The Court

---

[2] *Lewis* involved prisoners seeking a permanent injunction. Although Hall seeks a preliminary injunction, *Lewis* nonetheless applies because the relief sought may not be granted without substantially interfering with the State's control of the prison and its population. *See Rose v. Johnson*, No. CV 10-00002-H-DWM-RKS, 2011 WL 5023532 at *3 (D. Mont. Oct. 19, 2011).

has granted each of his motions to extend time for filing. (Docs. 46, 53.) These facts suggest that Hall has been afforded "meaningful access to the courts." *Bounds v. Smith*, 430 U.S. 817, 823 (1977).

To proceed absent a showing of actual injury would be to violate the constitutional principle "prevent[ing] courts of law from undertaking tasks assigned to the political branches." *Lewis*, 518 U.S. at 349. Particularly here, where the Plaintiff is a prisoner of the State, the Court must be careful to avoid overreaching. *See Id.*; Prison Litigation Reform Act, 18 U.S.C. § 3626. Hall has not demonstrated actual harm, and the Court cannot issue an injunction.

## II.    Motion to Amend

Hall filed both a Motion and a Supplemental Motion for Leave to File a Second Amended Complaint. (Docs. 43, 48.) Defendants object to these motions only as to the naming of Vera Hoscheid as an additional defendant. Without Hall's argument on this matter before him,[3] Judge Johnston recommended denying Hall's proposal to add Hoscheid as a defendant, finding Hall's claims against Hoscheid barred by the statute of limitations. Hall objects, arguing that three distinct events tolled the statute such that his proposed amendment was not

---

[3] Hall raised his claims for tolling in a reply to Defendants' response to his motion to amend. (Doc. 51.) This document was filed with the Court ten days after Judge Johnston issued his order and findings and recommendations.

untimely. (Docs. 51, 55 at 15.) Defendants respond, asserting that the statute has

not been sufficiently tolled. (Doc. 56.)

This matter stems from an assault that occurred on November 16, 2011.

Hall filed a motion to amend his complaint on April 6, 2015. (Doc. 43.) All

litigants agree that Montana's three-year statute of limitations for personal injury

actions applies, making the initial deadline for filing November 16, 2014. Mont.

Code Ann. § 27-2-204.

## A. Exhaustion of Administrative Remedies

The parties agree that the statute was tolled for 43 days when Hall

exhausted the administrative remedies available to him as required under the

Prison Litigation and Reform Act. *Brown v. Valoff*, 422 F.3d 926, 943 (9th Cir.

2005). Because the parties agree on the number of days tolled but disagree on the

new deadline, the Court performs its own calculation. Hall's exhaustion of

administrative remedies extends the deadline to December 29, 2014.

## B. Notice of Claims Period

The parties dispute whether the statute of limitations should also be tolled

120 days under Montana's notice of tort claims statute. Hall presented his claims

to the Montana Department of Administration on November 7, 2013, believing

this presentment to be required by law. Mont. Code Ann. § 2-9-301. Montana law

expressly provides that "[u]pon the department's receipt of the claim, the statute of limitations on the claim is tolled for 120 days." *Id.* The issue presented, whether Montana's notice-of-claims statute tolls the statute of limitations on a § 1983 action, has not yet been decided by this Court.

Two well-established rules of law are in play. First, "the length of the limitations period, and closely related questions of tolling and application, are to be governed by state law" in § 1983 actions. *Wilson v. Garcia*, 471 U.S. 261, 269 (1985); *see also* 42 U.S.C. § 1988. Because Congress has not established a statute of limitations applicable to § 1983 actions, "a state statute of limitations and the coordinate tolling rules are . . . [i]n most cases, . . . binding rules of law." *Bd. of Regents of Univ. of St. of N.Y. v. Tomanio*, 446 U.S. 478, 484 (1980).

In *Harding v. Galceran*, the Ninth Circuit reversed dismissal of the plaintiff's claim, finding that the statute of limitations had been tolled by state statute. 889 F.2d 906, 909 (9th Cir. 1989). The Court applied California Government Code § 945.3, which delays certain claims against peace officers, further providing that "[a]ny applicable statute of limitations" is tolled while criminal charges against the prospective plaintiff are pending. The Court held that, although California's § 945.3 could not prevent a plaintiff from filing a § 1983 action prior to completion of criminal proceedings, it effectively tolled the

8

statute of limitations for the § 1983 action. *Harding*, 889 F.2d at 909.

Second, federal preemption necessitates that neither state notice-of-claims statutes nor their special statutes of limitations apply to federal § 1983 actions. *Silva v. Crain*, 169 F.3d 608, 610 (9th Cir. 1999). Where "the central purpose of [§ 1983] is to provide compensatory relief to those deprived of their federal rights by state actors[,]" state notice-of-claim statutes are inapplicable because "Congress never intended that those injured by governmental wrongdoers could be required, as a condition of recovery, to submit their claims to the government responsible for their injuries." *Felder v. Casey*, 487 U.S. 142 (1988).

In *Silva*, the plaintiff, a California prisoner, argued against application of California's general one-year statute of limitations, seeking instead the two-year statute of limitations applied to claims brought against the state under California's Government Claims Act. *See* Cal. Civ. Pro Code § 340; Cal. Gov't Code § 945.6. The Ninth Circuit held the plaintiff's claim barred. *Silva*, 169 F.3d at 611. The Court distinguished *Harding* on the grounds that the statute applied in that case tolled the general statute of limitations: "[In Harding,] we simply followed the general rule that we apply the state's general residual statute of limitations *and* state rules which toll the running of that statute." *Silva*, 169 F.3d at 610 (emphasis in original). The Court reached a different result in *Silva* because the provision at

9

issue did not toll the general statute of limitations but rather provided "a separate freestanding special statute of limitations which applies when claims are presented to public agencies. Once a claim is presented, the section is the only statute of limitations which applies to that claim." *Id.*

If Montana Code Annotated § 2-9-301 tolls Montana's general statute of limitations pertaining to personal injury claims, it extends the limitations period in this matter under *Harding*, and Hall may add Hoscheid as a party. Pursuant to *Silva*, however, if the statute provides a special limitations period applicable only to a state claim, the statute of limitations is not tolled.

Here, the statute of limitations is not tolled. Montana's notice-of-claims provision is more closely analogous to that inspected in *Silva*. Although Montana Code Annotated § 2-9-301 presents a surface similarity to the provision applied in *Harding*, in that both statutes use the word "toll," § 2-9-301 tolls a specific statute of limitations, not the general personal injury statute. The statute applied in *Harding*, tolls "*[a]ny* applicable statute of limitations for filing and prosecuting these actions." Cal. Gov't Code § 945.3. On the other hand, Montana Code Annotated § 2-9-301(2) tolls "the statute of limitations on *the* claim." (Emphasis added.) The statute applied in *Silva* applies to claims "presented in accordance with [Chapters 1 through 3] of this division." Cal. Gov't Code § 945.6. Similarly,

§ 2-9-301 refers directly to "claims against the state arising under the provisions of parts 1 through 3 of this chapter." The claim to which § 2-9-301 applies is not a general personal injury claim but a state claim brought against the state government. The statute of limitations is not tolled 120 days by Montana's notice-of-claims statute.

## C.    Prescreening Period

Hall argues that the statute of limitations is tolled an additional 249 days, the elapsed time between the filing of his complaint and a November 10, 2014 order, issued by Magistrate Judge Keith Strong, concluding prescreening. (Docs. 2, 14.) To support his argument, Hall points to Judge Strong's order granting Hall's motion to toll time for service of process. (Docs. 11, 12.) Defendants disagree that Judge Strong's order tolled time for service of process and argue in the alternative that, even if the time for service of process is tolled, the statute of limitations would nonetheless expire on March 10, 2015, nearly a month before Hall filed his motion to file second amended complaint. (Doc. 56 at 8.)

Judge Strong's order tolling time for service of process did not toll the statute of limitations. The order merely extended to Hall an additional 120 days to serve Defendants after the prescreening process concluded on November 10, 2014. (Doc. 12; Fed. R. Civ. Pro. 4(m).) Hall had until March 10, 2015 to serve

11

Defendants, and service was perfected within the time allowed. (Doc. 16.) The statute of limitations for the underlying action, however, was unaffected by Judge Strong's order, and the statute of limitations ran on December 29, 2014. Hall's motion to amend was not filed prior to expiration of the statute of limitations.

### D.   Relation Back

Hall's claims against Hoscheid do not relate back under Federal Rule of Civil Procedure 15(c). Defendants argue that Hoscheid did not "receive[] such notice of the action that [she] would not be prejudiced in defending on the merits." Fed. R. Civ. P. 15(c)(1)(C)(i). Even if she had, however, relation back would be improper. In his motion to amend (Doc. 43), Hall admits that his failure to name Hoscheid was an oversight, not "a mistake concerning the proper party's identity." Fed. R. Civ. P. 15(c)(1)(C)(ii). The record further shows that Hall knew of Hoscheid's identity early in the litigation process, as Hall filed an incident report authored by Hoscheid on April 4, 2014. (Incident Report, Doc. 7-1.) Hall's claim against Hoscheid does not relate back under the Federal Rules of Civil Procedure. Hall may not amend his claim to add Hoscheid as a party.

There being no clear error in any of the remaining findings and recommendations, the Court adopts them in full.

IT IS ORDERED that Judge Johnston's Findings and Recommendations

12

(Doc. 50) are ADOPTED IN FULL.

1.     Hall's Motion for Preliminary Injunction (Doc. 35) is DENIED.

2.     Hall's Motion for Leave to File a Second Amended Complaint (Doc. 43) and Supplemental Motion for Leave to File a Second Amended Complaint (Doc. 48) are DENIED as to Defendant Hoscheid.

3.     The Clerk of Court is directed to file Hall's Second Amended Complaint (Doc. 48-1).

Given that no objection was made to the filing of the Second Amended Complaint as to Defendants Willie Johnson, Mike Mahoney, and Leonard Mihelich, counsel for Defendants shall notify the Court whether they will accept service of the Second Amended Complaint (Doc. 48-1) on behalf of these newly named Defendants on or before October 23, 2015. Defendants' Answer to Hall's Second Amended Complaint will be due on or before November 4, 2015.

Dated this 13th day of October, 2015.

Dana L. Christensen, Chief Judge
United States District Court