IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
HELENA DIVISION



| | |
|---|---|
| STACY HALL,<br><br>　　　　　　Plaintiff,<br><br>　vs.<br><br>LEROY KIRKEGARD, MIKE MANHONEY, ROSS SWANSON, MYRON BEESON, LEONARD MIHELICH, TOM WOOD, CANDYCE NEUBAUER, ROXANNE WIGERT, BILLIE REICH, DAN HESS, MICHELE STEYH, ALVIN FODE, SHEILA HASTINGS, WILLIE JOHNSON, AND NIKKIE LORELLO,<br><br>　　　　　　Defendants. | CV 14–11–H–DLC–JTJ<br><br>ORDER |

Stacy Hall ("Hall"), a prisoner proceeding pro se, filed this action in 2014 alleging Defendants were deliberately indifferent to his safety and deliberately indifferent to his serious medical needs in violation of the Eighth Amendment. Hall further alleged state law negligence claims against Defendants. Magistrate Judge John Johnston entered his Order and Findings and Recommendations (Doc. 148) in this matter on July 31, 2017, recommending that Defendants' Motion for Summary Judgment (Doc. 111) be granted and this case dismissed. Hall objected

to Judge Johnston's Findings and Recommendations and subsequently filed a Motion for Sanctions (Doc. 169), Motion to Withdraw Reply (Doc. 173), and Motion for Leave to Supplement Objection (Doc. 174). For the following reasons, the Court will adopt Judge Johnston's Findings and Recommendations,[1] deny Hall's Motion for Sanctions and Motion for Leave to Supplement Objection, and grant Hall's Motion to Withdraw Reply.

## DISCUSSION

### I. Judge Johnston's Findings and Recommendations

Hall is entitled to de novo review of the findings and recommendations to which he has "properly objected to." Fed. R. Civ. P. 72(b)(3); *see also* 28 U.S.C. § 636(b)(1)(C). The Court reviews findings and recommendations for clear error absent an objection.[2] *See McDonnell Douglas Corp. v. Commodore Bus. Mach.,*

---

[1] On October 10, 2017, this Court vacated Judge Johnston's Order and Findings and Recommendations solely in relation to the imposition of sanctions. (Doc. 170 at 18.) The Court now adopts the entirety of Judge Johnston's Order and Findings and Recommendations but, in doing so, does not modify any aspect of the Order of Vacatur. While the Court recognizes that Hall has filed a "Notice of Objection" (Doc. 175) to the Order of Vacatur, such Notice does not necessitate reconsideration of the Order and the Court will not do so now.

[2] Defendants cite *Pena v. Giurbino*, 345 F. Supp. 2d 1065, 1067 (S.D. Cal. 2004), and *Kenneally v. Clark*, 2011 WL 4959672, at *2 (D. Mont. 2011), for the proposition that this Court must review a magistrate judge's conclusions of law de novo even in the absence of an objection. (Doc. 166 at 3.) Both of these cases rely upon *Barilla v. Ervin*, 886 F.2d 1514, 1518 (9th Cir. 1989), *overruled on other grounds by Simpson v. Lear Astronics Corp.*, 77 F.3d 1170, 1174 (9th Cir. 1996) which in turn relies on *Britt v. Simi Valley Unified School Dist.*, 708 F.2d 4452, 454 (9th Cir. 1983), for the statement that "a failure to file objections only relieves the trial court of its burden to give de novo review to factual findings; conclusions of law must still be reviewed de novo." However, this Court is convinced that *Britt* and its progeny were impliedly overruled by *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc) (emphasis in original), where the Ninth Circuit, interpreting the same statute at issue in *Britt* (28 U.S.C. §

*Inc.*, 656 F.2d 1309, 1313 (9th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140, 149 (1985). Clear error exists if the Court is left with a "definite and firm conviction that a mistake has been committed." *United States v. Syrax*, 235 F.3d 422, 427 (9th Cir. 2000).

"A party makes a proper objection by identifying the parts of the magistrate's disposition that the party finds objectionable and presenting legal argument and supporting authority, such that the district court is able to identify the issues and the reasons supporting a contrary result." *Montana Shooting Sports Ass'n v. Holder*, 2010 WL 4102940, at *2 (D. Mont. Oct. 18, 2010) (citation omitted). "It is not sufficient for the objecting party to merely restate arguments made before the magistrate or to incorporate those arguments by reference." *Id.* Congress created magistrate judges to provide district judges "additional assistance in dealing with a caseload that was increasing far more rapidly than the number of judgeships." *Thomas*, 474 U.S. at 153. There is no benefit to the judiciary "if the district court[] is required to review the entire matter de novo because the objecting party merely repeats the arguments rejected by the magistrate. In such

---

636(b)(1)), "clarif[ied] the circumstances under which the district court must conduct a de novo review of the magistrate judge's findings and recommendations" and determined that § 636(b)(1) "makes it clear that the district judge must review the magistrate judge's findings and recommendations de novo *if objection is made*, but not otherwise." Further, the Court notes that *Reyna-Tapia* is consistent with the Supreme Court's decision in *Thomas v. Arn*, 474 U.S. 140, 152–54 (1985). Consequently, this Court will not conduct de novo review of conclusions of law absent a proper objection.

situations, this Court follows other courts that have overruled the objections without analysis." *Montana Shooting Sports Ass'n*, 2010 WL 4102940, at *2 (internal quotation marks and citation omitted).

In short, an objection to a magistrate's findings and recommendations "is not a vehicle for the losing party to relitigate its case." *Id.* Which is precisely what Hall attempts to do in his objection in this case. Hall's objection amounts to a rehashing of the facts and arguments provided, weighed, and rejected by Judge Johnston in deciding to grant summary judgment in this case. Accordingly, the Court reviews Judge Johnston's Findings and Recommendations for clear error.

Judge Johnston first considered Hall's Eighth Amendment claim of deliberate indifference to his safety based upon Montana State Prison's ("MSP") housing policies, classifications, and inmate placement. Judge Johnston correctly concluded that Hall could not prove his Eighth Amendment claim because he could not demonstrate that Defendants were deliberately indifferent to Hall's safety by either failing to respond to a particular threat to Hall or by placing Hall in a housing unit with rival gang members. (Doc. 148 at 16–24.) Judge Johnston then correctly concluded that because Hall could not establish an underlying constitutional violation, he could not maintain a claim against named supervisory officials and summary judgment should be granted to all Defendants on Hall's federal failure to protect claim. (*Id.* at 24–27.)

Next, Judge Johnston considered Hall's Eighth Amendment claim of deliberate indifference to his serious medical needs based upon MSP's policies and procedures which required him to be restrained before medical staff in the infirmary could come in direct contact with him. Judge Johnston correctly determined that Hall could not prove his Eighth Amendment claim because MSP's policies make an exception for sufficiently serious medical circumstances and, further, Defendants could not have been deliberately indifferent to Hall's suffering since no evidence showed Defendants were aware of it. (*Id.* at 27–34.) Accordingly, Judge Johnston recommended granting summary judgment in favor of all Defendants on Hall's federal deliberate indifference to serious medical needs claim. (*Id.* at 34.)

Lastly, Judge Johnston considered Hall's state law negligence claims. Judge Johnston determined that Montana law does not require expert testimony to establish the standard of care owed to an inmate "in *all* circumstances." (*Id.* at 37 (emphasis added).) However, Judge Johnston concluded, and this Court agrees, that Hall was required to present expert testimony establishing the standard of care in his case because the issues are outside the ken of the common juror. (*Id.* at 37–39.) Because Defendants had carried their burden by pointing out the absence of expert testimony to support Hall's case, Judge Johnston appropriately found that the burden shifted to Hall to produce the necessary evidence, which he failed to do.

(*Id.* at 39–40.) Consequently, Judge Johnston recommended granting summary judgment to Defendants on Hall's negligence claims.[3]

After review, the Court is satisfied that Judge Johnston's Findings and Recommendations are well-grounded in law and fact and, accordingly, will be adopted in full.

## II. Hall's Motion for Sanctions

Hall filed a Motion for Sanctions requesting that Defendants' response to his objections be stricken for exceeding the word limit provided for reply briefs by L.R. 7.1(d)(2)(B) and for failing to provide a table of contents as provided by L.R. 7.1(d)(2)(C). (Doc. 169 at 2–4) Hall's contention that Defendants have failed to comply with the Local Rules is incorrect. Defendants' response is a response to an objection, not a reply to a response to a motion as contemplated by L.R. 7.1. Defendants' response was filed pursuant to L.R. 72.3(b) which provides a 6,500 word limit to a response to an objection. Because L.R. 72.3 is controlling and Defendants' response complied with this rule, Hall's Motion for Sanctions will be

---

[3] To the extent that Hall's objection requests a stay of summary judgment to allow him to secure an expert's testimony or to motion the Court for the appointment of an expert, his request is denied. (Doc. 164 at 39.) When Defendants filed their Motion for Summary Judgment on July 13, 2016, pointing out the absence of expert testimony required to prove Hall's case, the burden shifted to Hall to provide this evidence. *Devereaux v. Abbey*, 263 F.3d 1070, 1076 (9th Cir. 2001). Hall did not carry this burden. Hall has had an immense amount of time for discovery in this case and the Court will not allow the re-opening of discovery *after* summary judgment has been fully briefed and the Magistrate Judge has rendered his opinion so as to allow Hall a second bite at the apple.

denied.

### III. Hall's Motion to Withdraw Reply and Motion for Leave to Supplement Objection

On October 19, 2017, Hall filed a reply to Defendants' response to his objection to Judge Johnston's Findings and Recommendations. (Doc. 172.) L.R. 72.3(b) provides that a "reply is not permitted" to a response to an objection. Hall recognized his mistake on October 26, 2017, when he filed a Motion to Withdraw his October 19, 2017, reply for failure to comply with the Local Rules. (Doc. 173 at 2.) However, Hall's understanding of the Local Rules' prohibition elevates form over substance. This is evidenced by the fact that Hall simultaneously filed a Motion for Leave to Supplement his Motion for Sanctions which included a proposed supplement replying to Defendants' response. (Doc. 174 at 1–8.) Allowing Hall to supplement his Motion for Sanctions to include reply arguments would be to allow Hall a reply contrary to the clear prohibition of such a filing in L.R. 72.3(b). Further, merely labeling Defendants' response arguments as "false," "misleading," and "inappropriate" does not change the nature of Hall's attempted reply and does not come close to satisfying the requirements of a motion for sanctions. Consequently, the Court will grant Hall's Motion to Withdraw his reply but deny Hall's Motion for Leave to Supplement his Motion for Sanctions. Accordingly,

IT IS ORDERED that Judge Johnston's Order and Findings and Recommendations (Doc. 148) are ADOPTED IN FULL. Defendants' Motion for Summary Judgment (Doc. 111) is GRANTED and this case is DISMISSED.

IT IS FURTHER ORDERED that Hall's Motion to Withdraw Reply (Doc. 173) is GRANTED.

IT IS FURTHER ORDERED that Hall's Motion for Sanctions (Doc. 169) and Motion for Leave to Supplement his Motion for Sanctions (Doc. 174) are DENIED.

IT IS FURTHER ORDERED that the Clerk of Court will enter by separate document a judgment in favor of Defendants and against Plaintiff.

IT IS FURTHER ORDERED that a certificate of appealability is DENIED. The Court certifies pursuant to Federal Rule of Appellate Procedure 24(a)(3)(A) that any appeal of this decision could not be taken in good faith as no reasonable person could suppose it would have merit.

DATED this 7th day of February, 2018.

Dana L. Christensen, Chief District Judge
United States District Court